AO 91 (Rev. 3/99) Criminal Complaint

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

**Joakelle Porter**

CRIMINAL COMPLAINT

CASE NUMBER: 07 70081 PVT



I, Thomas L. Cunningham Jr., the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 29, 2007 in the City of Watsonville, County of Santa Cruz, in the Northern District of California, defendant(s) did, (Track Statutory Language of Offense)

See Attachment "A"

in violation of Title 18 United States Code, Section(s) 922(g)(1); Title 21 United States Code, Section(s) 841 (a) (1) & Section 841 (b)(1)(B)(III).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

See Attachment "B"

Continued on the attached sheet and made a part hereof:   X YES   __NO

Approved as to form: _____
                     AUSA Richard Cheng

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

2/12/07
Date

San Jose, California

AT _____
City and State

Patricia V. Trumbull
Richard Seeborg, United States Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## ATTACHMENT A

Count One:   18 U.S.C. Section 922(g)(1)

On or about January 29, 2007, in the City of Watsonville, County of Santa Cruz, Northern District of California,

Count Two:   21 U.S.C. Section 841 (a)(1)

On or about January 29, 2007, in the City of Watsonville, County of Santa Cruz, Northern District of California,

### Joakelle Porter

Defendant herein, having been previously convicted of a felony, did knowingly possess a firearm, described as follows:  One Walther PPK 9mm semi-auto, serial number 021798, in and affecting commerce, in violation of Title 18 United States Code, Section 922(g)(1).

Defendant herein, did knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, in violation of Title 21 United States Code, Section 841 (a)(1).

Maximum Penalty:

A person convicted of violating Title 18, United States Code, Section 922(g)(1) shall be: imprisoned for not more than ten (10) years; fined not more than $250,000; placed on a term of supervised release of not more than three (3) years; and assessed a mandatory $100.00 special assessment.

A person convicted of violating Title 21, United States Code, Section 841 (a)(1) & Section 841 (b)(1)(B)(III) shall be: imprisoned for not more than 40 years (5 years mandatory minimum); fined not more than $2,000,000.00; placed on a term of supervised release of not more than 4 years; and assessed a mandatory $100.00 special assessment.

## ATTACHMENT B

### AFFIDAVIT

I, Thomas L. Cunningham Jr, being duly sworn, depose and state that:

I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since August 12, 2002. I have attended the Criminal Investigator School and the ATF National Academy at the Federal Law Enforcement Training Center where I received training on Federal Firearms and Narcotics Violations. Prior to my employment as a Special Agent, I was a police officer with the Fairfax County, Virginia Police Department and the Gaithersburg, Maryland Police Department. I worked as a patrol officer for approximately 12 years from March 1988 to January 2000. I am currently detailed to the Santa Cruz County Narcotic Enforcement Team (SCCNET) and have personally been involved in numerous firearms and narcotics investigations involving illegal possession/trafficking of firearms and narcotics. My information in this case is based on my participation in this investigation, my review of the reports and files in the case and reviewing other official records of state and government agencies.

1. This affidavit is in support of a criminal complaint charging Joakelle PORTER (hereinafter referred to as "PORTER") with the criminal violations set forth in Attachment A. These are summarized as follows:

    (a) -a. Section 922(g)(1) of Title 18, United States Code, provides as follows:

    i. "(g)(1)" It shall be unlawful for any person—
        a. who has been convicted in any court of, a crime punishable for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    (b) -b. Section 841 (a)(1) & Section 841 (b)(1)(B)(III) of Title 21, United States Code, provides as follows:

    i. "(a)(1)" It shall be unlawful for any person—
        a. to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance.

## PRIOR CONVICTION STATUS

2. On or about January 29, 2007, I obtained and reviewed copies of PORTER's criminal history print-out:

   (a) On or about January 6, 2000 PORTER was convicted in the Superior Court of Santa Cruz County in the State of California, of the crime of a felony, to wit:
      i. –Possession of a narcotic substance, a violation of Section 11350 of California Health and Safety Code.

## BACKGROUND OF INVESTIGATION

3. On January 29, 2007, Watsonville Police Officer's Tomas Corral and Vincent Bedolla were dispatched to a report of three juveniles and an adult male smoking marijuana in the parking lot of an apartment complex. The caller, who gave his name and contact information, further stated to the dispatcher that the adult male subject was a black male wearing blue jeans and light blue hooded sweatshirt. The caller went on to say that the juveniles and adult male were all standing near an older brown Ford Thunderbird.

4. When Officer's Corral and Bedolla arrive at the apartment complex, they parked to the rear of the building and walked to where the subjects were reported to be standing. As they approached the area they observed the three juveniles walking toward the main gate of the complex. They also observed an adult male, matching the caller's description, walking toward them from the area of the Ford Thunderbird. The male subject was walking with his head down and did not see the officers at first. When Officer Corral was approximately 75 feet from the subject, he told the subject to stop so he could talk to him. The subject asked Officer Corral, "Why, what did I do?" The male subject, later identified as Joakelle PORTER, then turned and started running. As PORTER was running he dropped a blue backpack that he had been wearing. As PORTER fled, he yelled back at Officer Corral "What did I do Officer?" After a short foot pursuit, PORTER was apprehended and handcuffed.

5. During the foot pursuit, both Officer Corral and Officer Bedolla noticed that PORTER placed his right hand in his right front pant pocket several times. When the officers searched his right front pant pocket, they located a large package that appeared to contain cocaine base (crack cocaine). PORTER made several spontaneous statements about being a "dope fiend". Officer Bedolla walked to the

area where PORTER had dropped the blue backpack and retrieved it. As Officer Bedolla was approaching PORTER and Officer Corral with the backpack, PORTER spontaneously stated, "The gun is in the backpack." As Officer Bedolla started to search the main compartment of the backpack, PORTER stated, "The gun is in there," referring to the small front compartment of the backpack. As Officer Bedolla opened the front compartment, PORTER stated, "It's inside of the sock." While searching the front compartment of the backpack, Officer Bedolla located a Walther PPK 9mm semi-auto pistol inside a sock. The pistol was loaded with seven live rounds of ammunition, including a round in the chamber.

6. Porter was transported to the Watsonville Police Station were he declined to give a statement. While at the station, Officer Bedolla weighed, and conducted a presumptive test, on the suspected cocaine. Officer Bedolla noticed that the cocaine appeared wet. This is common when powder cocaine has recently been converted from powder to base or rock cocaine. The presumptive test was positive for cocaine, and the package weighed 27.8 grams. It is the affiants belief that based on my training and professional experiences that 27 grams of cocaine exceeds that amount the would be for personal use and would be a weight that would indicate that the possessor is selling narcotics. All of the above items were placed in evidence at the Watsonville Police Departments property room. PORTER was subsequently transported to the Santa Cruz County Jail and booked on narcotics and weapons charges.

## COMMERCE ELEMENT

7. On or about February 2, 2007, your affiant, being a Firearms Interstate Nexus Expert, researched the firearm possessed by PORTER (Walther, Model PPK, 9mm Caliber Semi-Auto Pistol, serial number: 021798). Your affiant discovered that the firearm possessed by PORTER was manufactured in Germany, and therefore, it is your affiant's opinion that if the firearm were possessed in the State of California, it traveled in, and affected interstate commerce. Your affiant has received extensive specialized training in tracing the place of manufacture of firearms and ammunition, and has been certified as an expert on the origin and manufacture of firearms in the United States District Court, Northern District of California.

## CONCLUSION

8. Based on the foregoing evidence, there is probable cause to believe that on January 29, 2007 in the City of Watsonville, Santa Cruz County, California, the defendant Joakelle PORTER, violated: (1) Title 18, United States Code, Section 922(g)(1) by possessing a firearm that had traveled in interstate commerce, after being convicted of a felony offense; (2) Title 21, United States Code, Section 841(a)(1) & Section 841(b)(1)(B)(III) by manufacturing, distributing, or dispensing/possessing, with intent to manufacture, distribute, or dispense, a controlled substance.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

_____
Thomas L. Cunningham Jr., Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn to before me this
12th day of February, 2007, in San Jose, California.

_____
RICHARD SEEBORG  PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE